## Ringwalt *versus* Ahl *et al.*

A feigned issue, ordered by the court, to try the validity of a confessed judgment, is entirely under its control: it is competent for the court to direct not only what shall be tried, but the form of the issue, and who shall be the parties; it may control the conduct of the trial, and even order the parties themselves to be examined.

ERROR to the Common Pleas of *Cumberland county.*

This was a feigned issue, directed by the court below, to try the validity of two judgments confessed by John Barnett in favour of Diller Ringwalt, for $1200 ánd $750 respectively, in which the said Diller Ringwalt was ordered to be the plaintiff, and certain other judgment-creditors of John Barnett, the defendants.

On the 15th October 1858, Diller Ringwalt obtained a judgment, by confession, against John Barnett, for $1200; and another, on the 6th December 1858, for $750; on these judgments executions were issued, and a levy made on the defendant's personal property.

Whilst this levy was pending, Casey W. Ahl, Daniel V. Ahl, and Charles Beltzhover obtained judgments against John Barnett, and issued executions. On the 20th December 1858, they presented their petition to the court below, averring that Ringwalt's judgments were fraudulent, having been given for a much larger sum than was really due, with a view of hindering, delaying, and defrauding the other creditors of Barnett. The court thereupon opened the judgments as to the other judgment-creditors, and directed an issue to be formed to try their validity. On the 24th January 1859, James Miller, Samuel Hepburn, William Noakes, Peter F. Ege, Daniel Eckles, and The Dickinson Saving Fund, having obtained judgments against Barnett, came in by petition, and asked to be made parties to the issue directed by the court; the petition was granted, and the applicants were permitted to become parties to the proceedings.

An issue was accordingly framed, by filing a declaration and plea, in which Diller Ringwalt was plaintiff, and all of the above-named judgment-creditors were defendants. When the jury were about to be sworn to try the issue, the counsel for the defendants moved that they might be separated; and that the issue might first be tried against Casey W. Ahl, Daniel V. Ahl, and Charles Beltzhover, on the ground that one Minnich was an important witness, and competent to testify for them, who could not be a witness for the other defendants. The court below granted the motion, and directed the issue to be first tried against the original defendants.

[Ringwalt v. Ahl et al.]

To this ruling the plaintiff excepted, and the trial having resulted in a verdict for the defendants, he removed the cause to this court, and here assigned the same for error.

*Todd & Miller*, for the plaintiff in error.—An issue is, in all respects, in the nature of a suit; and a suit in the Common Pleas must stand or fall by the arrangement of the parties on the record; otherwise, a number of parties interested in the same enterprise, as here, might conspire to be witnesses for each other; and if a separate issue could be made for each one on every issue, all the other parties might be witnesses. This, we think, the policy of the law forbids.

*W. M. Penrose*, for the defendants in error.—The Act of 12th April 1858, § 1, expressly gave the court the power which they exercised in this case.

The opinion of the court was delivered by

STRONG, J.—The plaintiff in error has no reasonable cause of complaint. The object of the issue was to inform the conscience of the court. It was competent for the Common Pleas to direct not only what should be tried, but the form of the issue, and who should be the parties to it. The court might have directed that an issue should be formed between the plaintiff and each of the creditors who were contesting his judgment, or it might have ordered it to be tried between fictitious parties, as is sometimes done. So, the conduct of the trial of such issues is peculiarly under the control of the court. Even the parties may be ordered to be examined. Feigned issues, directed by a chancellor, are totally unlike suits at common law, so far as relates to their form and parties. It is not for the plaintiff to say who shall be the defendant.

The present is not then, as is supposed, the case of granting separate trials to defendants in a civil action. The issue was ordered between the plaintiff and the three defendants against whom it was tried. Other defendants were afterwards permitted to join, but when the trial came on, it was found that trying the issue in the amended form might not ascertain the fact which the court sought to discover. They therefore directed it to be tried as it was originally ordered. In this we discover no error.

Judgment affirmed.